**AFFIRM; and Opinion Filed July 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01471-CV

### DAVENPORT MEADOWS, LP, Appellant
### V.
### JACOB DOBRUSHKIN & GALINA DOBRUSHKIN, Appellees

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-02710-2011**

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice O'Neill

Appellant Davenport Meadows, L.P. appeals a judgment entered on a jury verdict. In three issues, Davenport Meadows generally contends (1) the evidence shows the Dobrushkins committed fraud, and (2) the evidence is legally and factually insufficient to support the award of attorney's fees. For the following reasons, we affirm the trial court's judgment.

In August 2006, Jacob and Galina Dobrushkin entered into a "New Home Contract," agreeing to purchase a townhome from Davenport Meadows that had yet to be constructed. The contract required the Dobrushkins to deposit $5,000 as earnest money and provided for a December 31, 2007 closing date. The house was not completed until October 30, 2008, and the parties orally agreed to extend the closing date. According to Davenport Meadows, the Dobrushkins specifically agreed to a December 5, 2008 closing date.

The Dobrushkins did not, however, close on the house. At trial, Jacob Dobrushkin testified that he had still wanted to purchase the house and that he tried to "till the very end," but his financial condition had changed considerably during the economic downturn of 2008, and he could no longer afford to do so. Davenport Meadows presented evidence that the Dobrushkins could have purchased the house had they borrowed from a home equity line of credit for the down payment.

Regardless, in December 2008, the Dobrushkins sent Davenport Meadows notice they were terminating the contract and demanded their earnest money back because Davenport Meadows had not completed the townhome on time. Davenport Meadows sent the Dobrushkins a letter stating if the Dobrushkins did not close, it would agree to termination of the contract in exchange for retention of their earnest money and another $5,000 in damages due to the Dobrushkins' "default and failure to communicate their intention not to close in a timely manner."

When the Dobrushkins did not respond, Davenport Meadows sent them notice it was terminating the contract and electing to receive the earnest money as liquidated damages. Davenport Meadows stated it was not, however, releasing them from the additional damages caused by Dobrushkins misrepresenting their intent to close on the property.

Davenport Meadows subsequently sued the Dobrushkins for breach of contract and fraud. The jury found against Davenport Meadows on its breach of contract claim, concluding it had elected to receive the Dobrushkins' earnest money as its remedy for that claim. The jury also found against Davenport Meadows on its fraud claim. The jury awarded the Dobrushkins $9,675 in attorney's fees pursuant to a provision in the New Home Contract that the prevailing party recover reasonable attorney's fees in any legal proceeding related to the contract.

In its first issue, Davenport Meadows contends "[t]he evidence demonstrates that [the Dobrushkins] committed fraud against [it], in contrast to the jury's findings."   Davenport Meadows does not specify whether it is raising a legal or factual sufficiency of the evidence complaint or direct us to any standard of review.  Indeed, although the trial court's judgment is based on a jury verdict, Davenport Meadows does not identify the particular findings the jury made and it relies on statements in pleadings and affidavits filed in the trial court, but not admitted before the jury, as "evidence" to support its contention.

To comply with rule 38.1(f) of the Rules of Appellate Procedure, an appellant must articulate the issue we will be asked to decide. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.).  If the issue is identified, then rule 38.1(i) requires an appellant to provide direct citations to the record to support its factual assertions. *Id*. If record references are not made or are inaccurate, misstated, or misleading, the brief fails. *Id.* An appellant must also provide legal authority to support the legal questions we are asked to decide. *Id.*

Here, Davenport Meadows generally challenges the trial court's judgment, but does not properly attack the jury findings on which the judgment was based.  Nor does it properly attack the judgment in light of the evidence actually presented to the jury under the proper standard of review.  Its complaint is not, therefore, a proper attack on the judgment.  We conclude this issue is improperly and inadequately briefed and presents nothing to review. *See* TEX. R. APP. P. 38.1(i).

In its second and third issues, Davenport Meadows contends the evidence of attorney's fees is legally and factually insufficient.  At trial, Davenport Meadows first offered testimony to support its claim for attorney's fees in the event the jury found in its favor.  Its counsel, Barton Reeder, testified his billing rate was $225 and that he spent 123 hours in the course of trial

preparation, including preparation of pleadings, motions, and discovery requests and responses. In support of their award of attorney's fees, the Dobrushkins' counsel, J.J. Hopkins, referenced Reeder's testimony stating he spent "approximately the same amount of time" as Reeder and that the issues had been very similar for both, preparing discovery, motions, et cetera. He said his typical billing rate was $250, which was "very conservative." He said to "make matters easy for the jury" he had spent about the same amount of time on the case as Mr. Reeder, at $225. He said of the 123 hours, eighty hours was attributable to the breach of contract claim and forty-three to the fraud claim. He indicated that he needed to separate out the hours spent on the breach of contract claim because that was the Dobrushkins "only avenue of recovery." According to Hopkins, $20,000 would compensate the Dobrushkins for having to defend the breach of contract claim.[1] Davenport Meadows did not object to Hopkins' testimony.[2] Nor did it question Hopkins about whether or how he documented his hours or question whether the hours expended were reasonable and necessary.

Instead, on cross-examination, Davenport Meadows questioned Hopkins only about what fees he had segregated. In particular, it questioned Hopkins about whether he deducted the hours he spent drafting and nonsuiting a breach of contract claim that the Dobrushkins had initially brought against Davenport Meadows, but nonsuited. Hopkins responded that he had, but that he had spent very little time on that claim, "literally maybe an hour." Davenport Meadows also questioned Hopkins about whether he segregated the fees expended on unsuccessful motions for summary judgment that related to the Dobrushkins' defense of the breach of contract case. Hopkins said he did not segregate those fees because they were spent defending that claim.

---

[1] How Hopkins arrived at the $20,000 figure is unclear and his testimony regarding the calculation is incorrect. He testified "if you do the math there, 80 times 225 is 1600 plus -- $20,000." We note, however, that eighty times Hopkins typical billing rate of $250 equals $20,000.

[2] When a party complains about the reliability of the basis of a scientific expert's opinion, a timely objection is required to give the offering party an opportunity to cure any defect that may exist. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 409 (Tex. 1998). Here, had Davenport Meadows sought further specificity, Hopkins would have had the opportunity to provide more specific testimony or documentation.

In the charge, the jury was asked "What is a reasonable fee for the Dobrushkins' attorney in this case, stated in dollars and cents, if any?" The jury found $9,675 was a reasonable fee for preparation and trial, but it awarded no fees for any subsequent appeals. The trial court entered judgment on the verdict.

According to Davenport Meadows, the evidence is legally and factually insufficient to support the attorney's fee award. The only authority it cites is *El Apple, Ltd v. Olivas*, 370 S.W.3d 757 (Tex. 2012). In *El Apple*, the Texas Supreme Court stated:

> Under the lodestar method, the determination of what constitutes a reasonable attorney's fee involves two steps. First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. The court then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar. The court may then adjust the base lodestar up or down (apply a multiplier), if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case.

*Id.* at 760 (citations omitted). The Supreme Court concluded the plaintiff in that case failed to present legally sufficient evidence for a lodestar calculation because it failed to prove the number of hours reasonably expended on the litigation. *See id.* at 763-64. Here, in asserting *El Apple* requires the attorney fee's award be set aside, Davenport Meadows ignores that it must challenge, and we must review, a jury determination of attorney's fees.

In reviewing a jury finding, we review the evidence in light of the charge actually given. *Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006). Here, the jury was given no definitions with respect to reasonable attorney's fees. In particular, the jury was not instructed it was required to make a lodestar calculation by first specifically determining the reasonable hours spent by counsel and the reasonable hourly rate. Additionally, Davenport Meadows' specific complaints focus largely on the lack of specificity with respect to Hopkins' testimony with respect to segregation. But it fails to discuss the contractual provision that authorized the award of attorney's fees and fails to provide any argument or authority that Hopkins was required to

segregate any fees in the first instance.[3] *See Rich v. Olah,* 274 S.W.3d 878, 888 (Tex. App.—Dallas 2008, no pet.) (party entitled to recover attorney's fees for defending fraud claim related to contract where the contract provided for an award of an attorney's fees to the "prevailing party in any legal proceeding related to this contract."). Moreover, the jury charge did not require the jury to segregate fees. *See Green International, Inc. v. Solis*, 951 S.W.2d 384, 389–90 (Tex. 1997).

Davenport Meadows has failed to cite pertinent authority regarding a challenge to a jury finding on attorney's fees, has failed to discuss the evidence in light of the actual jury charge given or the contract that authorized such fees, and has failed to provide argument or analysis explaining how *El Apple* should be applied to the jury finding in this case. We conclude these issues have not been adequately briefed and are waived.[4] *See* TEX. R. APP. P 38.1(i); *Shaw v. County of Dallas*, 251 S.W.3d 165, 172 (Tex. App.—Dallas 2008, pet. denied).

We affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

121471F.P05

---

[3] We recognize that Hopkins testified that he would have to "separate out" the hours spent defending the fraud claim because their only avenue of recovery was under the breach of contract claim. The jury, however, was properly instructed that "in matters of law, [it] must be governed by the instructions in [the] charge." Further, that counsel may have requested less than he was entitled to does not impact a sufficiency analysis. *See City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 73 (Tex. 2000) (jury may award more damages than requested if supported by the evidence).

[4] Hopkins' testimony, including all of the hours worked and multiplying it by his typical billing rate, would result in a "lodestar" of $30,750. The jury awarded Davenport Meadows $9,675.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVENPORT MEADOWS, LP, Appellant

No. 05-12-01471-CV     V.

JACOB DOBRUSHKIN & GALINA
DOBRUSHKIN, Appellees

On Appeal from the County Court at Law
No. 6, Collin County, Texas
Trial Court Cause No. 006-02710-2011.
Opinion delivered by Justice O'Neill.
Justices Myers and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees JACOB DOBRUSHKIN & GALINA DOBRUSHKIN
recover their costs of this appeal from appellant DAVENPORT MEADOWS, LP.

Judgment entered this 30th day of July, 2014.