**AFFIRMED and Opinion Filed May 4, 2022**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00070-CV**

**FLASHDANCER, INC., Appellant**
**V.**
**JOHN FULCHER III, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-11379**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

This is a common law negligence case against an employer for breach of the duty of care owed to employees. Jack Fulcher, a bouncer for Flashdancer, was shot in the finger when another Flashdancer employee discharged a firearm. Flashdancer now challenges the trial court's judgment awarding Fulcher damages on his negligence claim, arguing the evidence is insufficient to establish breach of the duty of care. Finding no reversible error, we affirm the trial court's judgment.

### I. BACKGROUND

Ashley Clark worked as a dancer for Flashdancer. Fulcher was employed as a bouncer.

Flashdancer's policy requires that all persons, including employees, be searched for contraband before entering the premises. There are no exceptions to this policy because state law prohibits firearms on the premises of a nightclub.

On the night in question, Clark visited Flashdancer as a patron. She was greeted by a fellow employee, paid her cover charge, and stepped inside the business. Her purse was not checked for weapons or contraband.

A fight ensued between Clark and her boyfriend, who was also a patron. Fulcher and a coworker intervened. As Fulcher stood beside Clark, she began to run. Fulcher chased Clark, and as he tried to grab her, a gun Clark was holding suddenly discharged, striking Fulcher in the first joint of his index finger. Fulcher was not aware that Clark had a gun until he was shot.

Fulcher was transported to the hospital for medical treatment. His injuries were such that his right index finger ultimately required amputation.

Fulcher sued Flashdancer and others for negligence. At the time of trial, Flashdancer was the only defendant remaining in the suit. The court conducted a bench trial at which Fulcher was the only witness. Several exhibits were admitted into evidence by agreement.[1]

---

[1] These exhibits, which include medical records, security camera photographs, and four documents entitled "Texas Department of Insurance Division of Worker's Compensation No Coverage Verification," are not included in the reporter's record but are not material to our analysis.

When the trial concluded, the court made findings of fact and conclusions of law and entered a final judgment awarding Fulcher $22,899.33 for medical expenses, $1,100 for lost earnings, and $22,899.33 for past and future pain, suffering, mental anguish, physical impairment, and disfigurement. Flashdancer appeals from that judgment.

## II. ANALYSIS

Flashdancer argues the evidence is insufficient to establish that it breached the duty of care owed by an employer to an employee.[2] We disagree.

When conducting a legal sufficiency review of a finding on which the appellant did not bear the burden of proof at trial, we use the "no evidence" standard. "No evidence" points must, and may only, be sustained when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

---

[2] Although not raised as an issue, Flashdancer also states, without reference to evidence or citations to the record, that it was "not proven at trial that [Flashdancer] was a "non-subscribing employer." Flashdancer discusses non-subscriber status in the context of a premises liability claim, but then acknowledges that an employee must prove all elements of a common law negligence claim to prevail against non-subscribing employers. This is not a premises liability case. *See Austin v. Kroger Tex. L.P.*, 465 S.W.3d 193, 214, 216 (Tex. 2015) (distinguishing premises liability claims from other types of workplace negligence and noting that employer had a duty not to engage in negligent activities in addition to its premises liability duty). Our analysis here, as framed by the issue raised, is confined to whether the evidence supports a finding of common law negligence.

More than a scintilla of evidence exists when the evidence reaches a level enabling reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

A legal sufficiency challenge requires reviewing the record in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not. *See City of Keller*, 168 S.W.3d at 807. We indulge every reasonable inference in support of the judgment, and we may not substitute our opinions on credibility for those of the fact finder. *See id*. at 816–17, 822. The ultimate test for legal sufficiency is whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *Id.* at 827.

In a bench trial, the trial court acts as a fact finder, and we accord its findings the same weight as a jury verdict. *Thompson v. Smith*, 483 S.W.3d 87, 93 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Unchallenged findings of fact are binding on the parties and the appellate court. *Rich v. Olah*, 274 S.W.3d 878, 884 (Tex. App.—Dallas 2008, no pet.).

The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995); *Werner v. Colwell*, 909 S.W.2d 866, 868 (Tex. 1995). The existence of a legal duty is a question of law. *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008).

The trial court found, *inter alia*, that Flashdancer was negligent by and through the actions and/or inactions of its employees because Clark was not searched and entered the premises with a firearm that was accidentally and recklessly discharged, injuring Fulcher. The trial court further found that Flashdancer was required to maintain the premises in a reasonably safe condition and Fulcher was injured due to unsafe conditions; specifically, Flashdancer's employee's failure to follow company policies and procedures. Fulcher's testimony supports these findings.

Fulcher explained Flashdancer's policy of checking bags and conducting pat down searches of patrons at the front door before they are allowed to enter the premises. There are no exceptions to the policy because firearms are forbidden on the premises under state law.

Recorded security footage was played for the court, and Fulcher identified Clark pulling up to the establishment and hugging the employee at the front door as she entered. Clark was not searched. Another segment of the recording showed Clark walking past the security officer who was smoking a cigarette. Again, Clark was not

searched. Fulcher testified that it was not his job to conduct searches that night because he was working the floor, and searches were to be conducted by the person working the front door.

Fulcher described the altercation Clark had with her boyfriend at the bar. When Fulcher chased Clark across the room, he did not see a gun in her hand. But she had a gun in her hand when he tried to grab her. The gun fell to the floor and discharged in the ensuing struggle. The gunshot hit the index finger on Fulcher's right hand.

Fulcher's status as an employee gave rise to Flashdancer's duty to exercise ordinary care in providing a safe workplace. *See Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *Exxon Corp. v. Tidwell,* 867 S.W.2d 19, 21 (Tex. 1993) (nonsubscriber to workers' compensation owes duty of ordinary care to provide a safe workplace for its employees). *Exxon Corp. v. Tidwell,* 867 S.W.2d 19, 21 (Tex. 1993). Flashdancer acknowledges this duty but insists that it acted as a reasonable employer and there was an intervening criminal act.[3]

Flashdancer also insists that as a bouncer in a club, Fulcher was aware of and assumed the risks of such employment. Non-subscribers, however, may not invoke the assumption of the risk defense. *See* TEX. LAB. CODE ANN. § 406.033 (a)(2).

---

[3] Flashdancer does not challenges the court's causation findings. Moreover, when the intervening illegal act is the foreseeable result of negligence, it does not negate the continuing proximate causation and consequent liability of the initial actor. *See Berly v. D&L Sec. Svcs, and Inv., Inc*. 876 S.W.2d 179, 183 (Tex. App.—Dallas 1994, writ denied).

Flashdancer has not identified any evidence contrary to the trial court's finding that it is a non-subscriber or otherwise explained why it might be entitled to rely on this defense. In addition, although an employer owes no duty to warn of hazards that are commonly known or already appreciated by the employee, liability cannot be avoided by merely alleging the hazards were known when the employer has created a work environment that requires an employee to perform tasks in an unsafe manner. *See Elwood*, 197 S.W.3d at 794. Thus, while Fulcher may have been aware of the hazards of being a bouncer is an adult entertainment venue, those risks did not include working in an environment with firearms on the premises. The evidence establishes that Flashdancer is responsible for the work environment that required Fulcher to perform his duties as a bouncer in an unsafe manner.

Because the evidence establishes that Flashdancer's search policy was not followed, creating unsafe working conditions for Fulcher that resulted in his injury, the trial court did not err in concluding that Flashdancer breached the duty owed to Fulcher and that the breach proximately caused his injuries. *See, e.g., LMC Complete Automotive, Inc. v. Burke*, 229 S.W.3d 469, 476 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (employee's negligence while acting in scope of employment constituted breach of employer's duty to use ordinary care to provide a safe workplace); *West Star Transp. Inc. v. Robison,* 457 S.W.3d 178, 187 (Tex. App.—Amarillo 2015, pet. denied) (employer breached duty to provide safe workplace). Flashdancer's sole issue is resolved against it.

The trial court's judgment is affirmed.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210070F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FLASHDANCER, INC., Appellant

No. 05-21-00070-CV V.

JOHN FULCHER III, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-18-11379. Opinion delivered by Justice Garcia. Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JOHN FULCHER III recover his costs of this appeal from appellant FLASHDANCER, INC..

Judgment entered May 4, 2022.