Opinion issued April 7, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00628-CV

———————————

**ADA U. OGUAMANAM, Appellant**

**V.**

**TONY OGUAMANAM, Appellee**

---

**On Appeal from the 328th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 22-DCV-299445**

---

## MEMORANDUM OPINION

This is a divorce proceeding between Appellant, Ada U. Oguamanam, and Appellee, Tony Oguamanam. Ada appeals the final divorce decree, arguing she was injured by the trial court's alleged failure to send her its findings of fact and conclusions of law. We affirm.

## Background

Ada and Tony were married in 2010. Tony filed for divorce in 2022. The trial court conducted a bench trial in May 2024 and signed the divorce decree on July 24, 2024. In the decree, the trial court concluded Ada committed $130,000 of fraud on the community estate; divided the community estate; provided orders regarding conservatorship, possession, access, and support for the parties' children; and ordered Ada to pay $9,380 of Tony's unpaid attorney's fees. Ada timely asked the trial court to enter findings of fact and conclusions of law and timely filed a notice of past due findings and conclusions. On August 21, 2024, the trial court signed findings of fact and conclusions of law that apparently had been prepared by Tony's counsel.

Ada contends the trial court never sent her a copy of its findings and conclusions and thus she was unaware they had been entered until during the appeal. The appellate record does not contain any indication that the findings and conclusions were sent to the parties.

In her original brief, Ada argued that the trial court erred by failing to enter findings and conclusions. However, Ada asserts that on May 9, 2025, she learned the trial court had signed findings and conclusions, which were provided in a supplemental clerk's record on May 28, 2025. Ada filed a motion to supplement her original brief, which we granted.

2

Ada filed an amended brief, contending the trial court erred when it failed to notify the parties that it had signed findings and conclusions. Ada argues that had she been made aware of the trial court's findings and conclusions at the time they were signed, she would have requested additional findings, without which she is unable to properly present her appeal to this Court. She requests we either "vacate the judgment and order a new trial on the division of property," or grant "a temporary remand and ten days in which to request additional findings or conclusions."

**Analysis**

A. **Relevant law**

Under Texas Rule of Civil Procedure 296, a request for findings of fact and conclusions of law shall be filed with the clerk of the trial court within twenty days after the trial court signs the judgment. TEX. R. CIV. P. 296; *Warner v. Troutman*, No. 01-23-00587-CV, 2024 WL 3349097, at *8 (Tex. App.—Houston [1st Dist.] July 9, 2024, no pet.) (mem. op.). If the trial court does not send findings of fact within twenty days after the first request is filed, the requesting party has thirty days after the date it filed its original request to file a notice of past due findings and conclusions. TEX. R. CIV. P. 297.

After the trial court sends its findings of fact, any party may file with the clerk of the court a request for specified additional or amended findings if the party

believes that the court's findings and conclusions are deficient in some way. TEX. R. CIV. P. 298. A request for additional or amended findings must be filed within ten days after the trial court sends its original findings. *Id*.

In cases in which a trial court issues untimely original findings, a party has no remedy unless she can show injury due to the untimeliness of the findings in one of two forms: (1) the litigant was unable to request additional findings; or (2) the litigant was prevented from properly presenting her appeal. *See Robles v. Robles*, 965 S.W.2d 605, 610 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). Ada does not complain that the trial court untimely signed its findings but that she did not receive notice of the findings until several months after they were issued. We hold a party seeking appellate relief because she did not receive timely notice of issued findings must establish injury in one of the same two aforementioned forms. *See Hardy v. Hardy*, No. 03-02-00780-CV, 2003 WL 21402002, at *1–2 (Tex. App.—Austin June 19, 2003, no pet.) (mem. op.) (applying *Robles* injury standard where trial court allegedly failed to serve timely appellant with its findings).

If injury is shown, the appellate court may abate the appeal to give the appellant the opportunity to request additional or amended findings in accordance with the rules. *Id.*; *see also* TEX. R. APP. P. 44.4 (providing appellate court "must direct the trial court to correct the error" when "the trial court's erroneous action or

failure or refusal to act prevents the proper presentation of a case to the court of appeals[,] and the trial court can correct its action or failure to act").

Ada contends that, because she did not timely receive the trial court's original findings and conclusions, she was unable to meet Rule 298's ten-day deadline for requesting additional findings, which in turn prevented her from properly presenting her appeal to this Court. Assuming the trial court failed to send Ada its original findings and conclusions, we hold she has not shown injury.

**B.     Ada has not shown injury**

Generally, Ada could have requested the trial court to make additional findings within ten days of when she purportedly first learned of the findings in May 2025, even though the trial court no longer had plenary power. *Robles*, 965 S.W.2d at 611 ("[A] trial court may file additional findings even after it loses plenary power to affect the judgment."); *see also Ad Villarai, LLC v. Pak*, 519 S.W.3d 132, 141 (Tex. 2017) (per curiam) (rejecting argument that trial judge "only had authority to file findings during the court's plenary power over this case" and noting that "our decisions have recognized a contrary rule"). Ada has not explained why she failed to do so. *See Warner*, 2024 WL 3349097, at *8–9 (noting appellant has not "explained why she did not file her requests for additional or amended findings in the trial court within 10 days" of the trial court filing untimely findings while case was on appeal); *Merlo v. Lopez*, No. 01-19-00102-

5

CV, 2021 WL 278060, at *7 (Tex. App.—Houston [1st Dist.] Jan. 28, 2021, no pet.) (mem. op.) (recognizing that, when trial court filed original findings well after the end of its plenary power, appellant could have requested additional findings within ten days of the filing of the original findings); *Citizens Bank & Tr. Co. of Baytown v. Ertel*, No. 01-98-00548-CV, 2001 WL 26141, at *9 (Tex. App.—Houston [1st Dist.] Jan. 11, 2001, pet. denied) (not designated for publication) (explaining that, when the trial court filed untimely original findings, appellant could have requested additional findings in the trial court and filed a motion to enlarge time if needed).

Ada also could have immediately filed a motion to abate in our Court, asking us to abate the appeal while she requested additional findings in the trial court. *See Hardy*, 2003 WL 21402002, at *1–2 (explaining appellant received original findings when clerk's record was filed but did not file a request for additional findings with the trial court or seek abatement of the appeal for the same).[1]

Instead, on May 29, 2025, Ada filed an unopposed motion seeking thirty days to supplement her previously filed brief in light of her learning about the trial court's original findings. We granted the motion, and Ada filed an amended brief

---

[1] Because Ada could have done these things in immediate response to learning the trial court had signed original findings and conclusions, we reject the argument that she was deprived of due process.

on June 30, 2025, seeking a temporary remand for her to request additional findings in the trial court or a vacatur of the judgment and a remand for a new trial to determine the division of community property. Tony filed his appellee's brief on August 15, 2025, and Ada filed her reply brief on January 20, 2026.[2]

Under these circumstances, in which Ada could have requested in May or early June 2025 additional findings directly from the trial court or immediately motioned us to abate the case while she did so, we conclude she has not established injury due to an inability to request additional findings. *See Robles*, 965 S.W.2d at 610.

We next consider whether the trial court's alleged failure to send Ada the original findings prevented her from properly presenting her appeal.[3] The trial court "has no duty [to] make additional or amended findings that are unnecessary or contrary to its judgment; a trial court is only required to make additional findings and conclusions that are appropriate." *Zhang v. Cap. Plastic & Bags, Inc.*, 587 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). Rule 298 "requires additional findings of fact and conclusions of law only if they relate to

---

[2] We abated the appeal and ordered the parties to mediation in September 2025, reinstating the appeal on November 4, 2025, after mediation was unsuccessful.

[3] It would seem that having the ability to request additional findings and permission to file a supplemental brief, by themselves, meant Ada was not prevented from properly presenting her appeal. However, we will consider Ada's proposed additional findings to determine if their absence prevented her from making appellate arguments.

7

ultimate or controlling issues." *Rafferty v. Finstad*, 903 S.W.2d 374, 376 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (citation and internal quotation marks omitted). "An ultimate fact issue is one essential to the cause of action that would have a direct effect on the judgment." *Rich v. Olah*, 274 S.W.3d 878, 886 (Tex. App.—Dallas 2008, no pet.). "The trial court is not required to make findings that are unsupported in the record, that relate merely to evidentiary matters, or that are contrary to other previous findings." *Rafferty*, 903 S.W.2d at 376. If the proposed additional findings do no more than request explanations of the court's ruling in the case, they are not required. *In re A.P.L.*, No. 01-23-00725-CV, 2025 WL 2412903, at *15 (Tex. App.—Houston [1st Dist.] Aug. 21, 2025, no pet. h.); *see also Bunts v. Williams*, No. 01-17-00643-CV, 2019 WL 2220109, at *10 (Tex. App.—Houston [1st Dist.] May 23, 2019, no pet.) (mem. op.) ("A trial court is not required to make additional findings that relate merely to evidentiary matters or that are aimed at tying down the court's reasoning rather than its conclusions.").

In her brief, Ada provides what she calls a nonexclusive list of issues on which she would request additional findings from the trial court: (1) why the trial court did not issue a writ of attachment when a witness did not appear at trial pursuant to a subpoena; (2) why the trial court found Ada committed fraud on the community estate by transferring $130,000 out of her account; (3) whether Tony

8

"had adulterous affairs" and freely spent money at strip clubs; (4) who the recipients were of Tony's Louis Vitton and Hermes gifts in 2022; (5) whether Tony sent money from the community estate to Nigeria; (6) whether Tony disclosed all of his retirement and international accounts; (7) whether it was "in the best interest of the children to require them to move out of their home in thirty days"; (8) what the value was of the reconstituted community estate; and (9) whether the $9,380 of Tony's $110,475.48 in unpaid attorney's fees Ada was ordered to pay were reasonable and necessary. Ada argues that, without these findings, she cannot prevail on challenges to the divorce decree. We disagree.

The trial court already made findings on some of these issues.[4] Other proposed additional findings merely seek a more detailed explanation of the trial court's reasoning, which Ada did not need to properly present her appeal. *See Rafferty*, 903 S.W.2d at 376 ("In a case of property division, the ultimate and controlling issue is whether the trial court divided the property in a 'just and right manner,'" and "issues such as whether [husband] conveyed certain items of property, the relative earning capacities of the parties, whether [wife] invested her

---

[4]     The trial court found that Ada committed fraud when she transferred $130,000 from the community estate "without the knowledge or consent [of Tony]," and the findings incorporate by reference an attached spreadsheet reflecting the value of the reconstituted community estate with this $130,000.

    Additionally, the trial court's rationale for not issuing a writ of attachment for the witness is clear: the trial subpoena was served on Tony's counsel, not the witness. *See* TEX. R. CIV. P. 176.5(a).

9

separate property in the community residence, or whether [husband] was cruel . . . were merely evidentiary and would not have determined the ultimate, controlling issue of whether the partition was 'just and right'"); *Davenport v. Davenport*, No. 01-15-01031-CV, 2016 WL 7011406, at *5 (Tex. App.—Houston [1st Dist.] Dec. 1, 2016, no pet.) (mem. op.) (holding the controlling issue regarding conservatorship and possession is the best interest of the child and "[a]ny other findings would be merely evidentiary").[5]

Finally, regarding the $9,380 in attorney's fees, Tony testified that a part of his attorney's fees that he wanted Ada to pay related to her deficient discovery responses, which required Tony's counsel to confer several times with Ada's counsel and to prepare a deficiency letter and a motion to compel. Tony's counsel's itemized invoice for these services was admitted into evidence and totaled exactly $9,380. Additionally, Tony's counsel testified that his total of $110,475.48 in unpaid attorney's fees were reasonable and necessary, and the itemized invoices were admitted to support this amount. Ada's counsel did not cross-examine Tony's counsel or otherwise dispute this amount. The lack of additional findings (which, as explained above, Ada could have requested) did not

---

[5]   In its findings, the trial court found it is in the children's best interest for Ada and Tony to be joint managing conservators, with Ada to have the right to designate the children's primary residence. In the decree, Ada was ordered to vacate the home within thirty days, but nothing required the children to also leave.

prevent Ada from properly presenting a challenge to the $9,380 in attorney's fees she was ordered to pay.

We overrule Ada's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.