**Buddy Lee LACROIX and Lacroix Pump Sales and Service, Appellants,**

v.

**Hugh D. SIMPSON and Mabel Murphy Simpson, Appellees.**

**No. 05–03–01615–CV.**

Court of Appeals of Texas, Dallas.

Nov. 8, 2004.

Larry E. Meadows, Kelly C. Gent, Meadows & Associates, L.L.P., Denton, for appellants.

Mabel Murphy Simpson, Shelley J. Hickey, M.M. Simpson & Associates, Richardson, for appellees.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion By Justice FITZGERALD.

This appeal challenges the trial court's conclusion that appellants Buddy Lee La-Croix and LaCroix Pump Sales and Service (together, "LaCroix") provided and breached an express warranty involving an irrigation pump that LaCroix installed for appellees Hugh D. and Mabel Murphy Simpson. In a single appellate issue, La-Croix argues the evidence is factually insufficient to support the trial court's judgment.

### BACKGROUND

The Simpsons contracted with LaCroix to purchase and install an irrigation pump in an existing well on their residential property. Mr. Simpson's father had identified LaCroix from a yellow-pages advertisement. Mr. LaCroix was not a licensed pump installer at the time; his advertisement did not disclose that fact. LaCroix installed a three-horse-power pump in the well in October 1999. Initially, the pump performed well; sometime before or during March 2000, it failed. In March, the Simpsons contacted LaCroix and demanded he repair the pump. LaCroix did not perform the repairs, and the Simpsons contracted with Robert Wagstaff to do the work. During the course of Wagstaff's work, the original pump was lost down the well. The Simpsons ultimately had Mr. Wagstaff install a larger pump. The Simpsons paid Mr. Wagstaff for the work and then sued LaCroix.

The dispute at trial, which was to the court, centered on the existence and nature of any warranty the Simpsons received from LaCroix that would have required LaCroix to repair the pump when it failed. Mr. Simpson testified that Mr. La-Croix orally gave him a warranty for one and one half years on the pump itself and on LaCroix's labor. Mr. Simpson further testified that LaCroix did not give him any written information involving a warranty. The Simpsons offered into evidence a copy of LaCroix's invoice, on which Mr. Simpson had written "1.5 yr Warranty," purportedly when Mr. LaCroix had told him the nature of the warranty. According to Mr. Simpson, this document was the only one the Simpsons had that referred to LaCroix's warranty.

Mr. LaCroix testified that he gave Mr. Simpson a booklet explaining the manufacturer's one-year warranty on the pump. He further testified that he gave no warranty as to his labor and that he had never given such a warranty to a customer. He did testify that—after the Simpsons called him—he had twice come out to the property to check the pump. He opined that exposed equipment leading to the pump had frozen, causing the pump to fail. He testified that after those two visits, he did not return to work on the pump. He did not believe he had an obligation to do so. Mr. LaCroix's daughter, who worked with him in his business, also testified that La-Croix never gave warranties other than the manufacturer's warranty on the pump itself.

Mr. Wagstaff testified to the work he had done for the Simpsons; he blamed LaCroix's failure to wrap pipe joints for the pump's failure. Mrs. Simpson testified to the amount of time she had spent on the case as an attorney and to her billing rate. At the end of the parties' closing arguments, the court ruled from the bench. He awarded the Simpsons damages, prejudgment and postjudgment interest, and court costs; he did not award attorney's fees. LaCroix appealed.

## STANDARD OF REVIEW

When reviewing factual sufficiency points, we review all the evidence in the record, including any evidence contrary to the verdict. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). In a bench trial, it is for the court, as trier of fact, to judge the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony. *Tate v. Commodore County Mut. Ins. Co.*, 767 S.W.2d 219, 224 (Tex.App.-Dallas 1989, writ denied). We will set aside the verdict only if the trial court's conclusions are so against the great weight and preponderance of the evidence as to be manifestly unjust, shocking to the conscience, or clearly demonstrating bias. *Pilkington v. Kornell*, 822 S.W.2d 223, 230–31 (Tex.App.-Dallas 1991, writ denied).

## BREACH OF EXPRESS WARRANTY

The Simpsons' employed the Texas Deceptive Trade Practices Act in pleading and prosecuting their case against LaCroix. However, the substance of the Simpsons' claim was breach of an express warranty. "An express warranty is created when a seller makes an affirmation of fact or a promise to the purchaser, which relates to the sale and warrants a conformity to the affirmation as promised." *McDade v. Texas Commerce Bank, Nat'l Ass'n*, 822 S.W.2d 713, 718 (Tex. App.-Houston [1st Dist.] 1991, writ denied). The DTPA provides a vehicle for recovery on a claim for breach of warranty, although the act itself does not create warranties. A warranty must be established independently of the act. *La Sara Grain v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex.1984). In this case, to recover for breach of an express warranty under the DTPA, the Simpsons had to prove (1) they were consumers within the meaning of the DTPA, (2) LaCroix made a warranty, (3) LaCroix breached the warranty, and (4) as a result of the breach, the Simpsons were injured. *See U.S. Tire–Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 197 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). LaCroix does not challenge the Simpsons' status as consumers.

### Existence of a Warranty

The focus of LaCroix's argument is the purported failure of the Simpsons to prove the existence of a warranty in effect at the time the pump stopped working. We have reviewed all the evidence in the record. *See Plas–Tex, Inc.*, 772 S.W.2d at 445. We conclude there was sufficient evidence to support the finding of an express warranty in effect at the time the pump failed. There was testimony from Mr. Sullivan that Mr. LaCroix told him the labor and pump were warranted for one and one half years. The parties agree there was a manufacturer's warranty on the pump that extended at least one year.[1] Even if that warranty were only for one year, it would still have been in effect when the pump failed some five months after installation.

As to an express warranty of LaCroix's labor, there was evidence contrary to Mr. Simpson's testimony. Mr. LaCroix and his daughter both denied the existence of any warranty outside of the manufacturer's warranty. However, this conflict in the evidence was resolved by the trial court in favor of the Simpsons. It is the trial court's responsibility, not this Court's, to resolve any conflicts or inconsistencies in the testimony. *Tate*, 767 S.W.2d at 224.

Having considered all the evidence, we conclude that the existence of an express

---

1. Although Mr. Simpson testified at trial that the warranty was for one and one half years, the Simpsons' DTPA demand letter and petition both described a one-year warranty.

warranty that lasted at least six months after installation of the original pump—i.e., at least from October 1999 through March 2000—is not so contrary to the overwhelming weight of the evidence as to be manifestly unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

### Breach of the Warranty

■ LaCroix's entire argument on this element of the Simpsons' claim is:

> Put simply, you cannot breach something that doesn't exist (or has lapsed). Moreover, it is arguable that the Plaintiff does not have a DTPA claim here at all.

We have already determined there was sufficient evidence of a warranty in existence. In the absence of true arguments or citations to the record or relevant legal authority, this portion of LaCroix's argument is inadequately briefed and will not be considered. *See* TEX.R.APP. P. 38.1(h); *McIntyre v. Wilson,* 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied).

### Breach as Producing Cause of Damages

■ LaCroix's discussion of this element does not argue that the Simpsons' injuries were caused by a source other than LaCroix's failure to repair the pump. Nor does LaCroix address the existence or extent of the Simpsons' injuries or challenge the sufficiency of the evidence to support the court's damages award. Instead, LaCroix argues here that the Simpsons did not "show that the defendant committed a deceptive act that was a substantial factor in causing the damage to the consumer." Under this premise, LaCroix discusses at some length the Simpsons' complaints concerning Mr. LaCroix's failure to hold a license at the time

of the installation, arguing those facts did not satisfy the DTPA's "requirement" of a deceptive act.[2] LaCroix cites no authority for the proposition that a consumer pleading breach of warranty under the DTPA must prove another independent deceptive act as well. Nor has our research identified such a rule. We reject LaCroix's causation argument.

We conclude the evidence is factually sufficient to support the trial court's judgment and LaCroix's issue is without merit.

### ATTORNEY'S FEES

■ The Simpsons attempt to raise an issue of their own, arguing that the trial court improperly denied their claim for attorney's fees under chapter 38 of the civil practice and remedies code. The trial court announced its ruling from the bench, stating:

> The Court agrees with [counsel for LaCroix's] assessment that the standing law, as I understand it as well, is that you don't get attorneys' fees for your own work, and the interest in this case of Mr. Simpson is the same as Ms. Simpson. So the Court is not awarding attorneys' fees in this case.

The Simpsons argue on appeal that "it is clear as long as the attorneys fees are not sanctions, they should not be denied."

The Simpsons filed no notice of appeal. In that situation, our rules forbid our granting them "more favorable relief than did the trial court except for just cause." *See* TEX.R.APP. P. 25.1(c). But the Simpsons have made no argument involving "just cause." Indeed, the Simpsons' one-paragraph "argument" in favor of fees cites absolutely no authority for their position. Accordingly, they have waived any

---

2. Following the Simpsons' complaint, Mr. La-Croix was fined by the State for his failure to hold the proper installation license. He has subsequently passed the required test and is now licensed for pump installation.

consideration of this issue on appeal. *See* Tex.R.App. P. 38.1(h); *McIntyre*, 50 S.W.3d at 682.

## Conclusion

The existence of an express warranty was a question of fact for the trial court in this bench trial. The parties offered different views on the existence, duration, and subject matter of a warranty. The trial court, as fact finder, was charged with resolving these conflicts and inconsistencies in the testimony. We do not find the court's conclusions to be against the great weight and preponderance of the evidence. The Simpsons have waived consideration of their issue on attorney's fees. Accordingly, we affirm the trial court's judgment in its entirety.