IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00388-CV

 

C.D.S. Enterprises, Inc. d/b/a 

Texcon General Contractors, 

Joe Schultz and Civil Development, LTD.,

                                                                                    Appellants

 v.

 

Main Street Homes-CS, LTD.,

                                                                                    Appellee/Cross-Appellant

 

v.

 

Rick and Maria Young, Larry and 

Jonne Young, Jack and Donna Winslow, 

Richard and Karen Miller, Lee and 

Joanie McCleskey, Greg and 

Cathy Taylor,

                                                                                    Appellees

 

 

 



From the 85th District
Court

Brazos County, Texas

Trial Court No. 07-000019-CV-85

 



MEMORANDUM  Opinion



 

Appellants have filed “Appellants’ Agreed
Voluntary Dismissal Motion” in this appeal.  See Tex. R. App. P. 42.1(a)(1).  It states that Appellants voluntarily
seek dismissal and that Cross-Appellant’s counsel has advised that
Cross-Appellant does not seek affirmative relief.  The certificate of
conference also states that counsel for all parties agree to the relief sought
in the motion.

Dismissal of this appeal would not
prevent a party from seeking relief to which it would otherwise be entitled.  The
motion is granted, and the appeal is dismissed.

 

                                                                                    REX
D. DAVIS

Justice

 

 

Before Chief
Justice Gray,

            Justice
Reyna, and 

Justice
Davis

Motion granted;
appeal dismissed

Opinion
delivered and filed May 19, 2010

[CV06]

 








 






/p>

Under a legal sufficiency challenge,
we consider “whether the evidence at trial would enable reasonable and
fair-minded people to reach the verdict under review.”  City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  We “must credit favorable evidence
if reasonable jurors could, and disregard contrary evidence unless reasonable
jurors could not.”  Id.  This
standard also applies to a court’s
findings made in a bench trial.  See Bank of Am. v. Hubler, 211 S.W.3d
859, 862 (Tex. App—Waco 2006, pet. granted, judgm’t vacated w.r.m.); see
also Ludwig v. Encore Med., L.P., 191 S.W.3d 285, 294 (Tex. App.—Austin
2006, pet. denied); Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).

A factual
sufficiency challenge to issues on which the appellant did not bear the burden
of proof requires us to “consider and weigh all of the evidence.”  Checker Bag Co. v. Washington, 27 S.W.3d 625, 633 (Tex. App.—Waco
2000, pet. denied). 
We may not pass upon the witnesses’ credibility or substitute our judgment for
that of the jury, even if the evidence would clearly support a different
result.  Id.  We will reverse the “verdict only if it is so contrary to
the overwhelming weight of the evidence that the verdict is clearly wrong and
unjust.”  Id.  Reversal can occur because the finding was based on weak
or insufficient evidence or because the proponent’s proof, although adequate if
taken alone, is overwhelmed by the opponent’s contrary proof.  Id.

Analysis

In issues two and three, Dhanani,
Zakirali, and Software Consulting contend that the evidence is legally and
factually insufficient because Dhanani was not identified as a purchaser in the
written agreement, which cannot now be modified and so did not enter an
enforceable agreement with Giles and Waco Games.  Thus, in issue four, they challenge the denial of their
motion for new trial, alleging that there is no evidence that Dhanani breached
an enforceable agreement with Giles and Waco Games.

“As a general rule, contract damages may not be
obtained from a person who was not
a party to the contract.”  Cox Tex. Newspapers L.P. v. Wootten, 59 S.W.3d 717, 723 (Tex. App.—Austin 2001, pet. denied) (citing Bernard Johnson, Inc. v. Cont’l
Constructors, Inc., 630 S.W.2d 365, 369 (Tex. App.—Austin 1982, writ ref’d
n.r.e.)); see C & A Invs. v.
Bonnet Res. Corp., 959 S.W.2d 258, 262 (Tex. App.—Dallas 1997, writ
denied).

Zakirali and Dhanani testified that Dhanani was
not part of the transaction and did not intend to be involved.  According to
Zakirali, Dhanani had purchased gaming machines in the past and attended the
meeting to help Zakirali make a decision.  He denied representing that Dhanani
would be buying the business.  Dhanani testified that he attended the meeting
as a “reference” for Zakirali.  Although he has done business with Zakirali
both before and after the transaction, Dhanani has not operated any game rooms either
with or without Zakirali.  He has bought and sold gaming machines.

Zakirali inspected the machines at Lucky Lady and
Western Touch, but Dhanani denied visiting either game room, meeting with
employees of either game room, or reviewing inventories prepared by Giles and
Anderson.  He admitted writing the check for the down payment, but testified
that, as a condition of community supervision, Zakirali was not allowed to
write checks and asked Dhanani to write the check on his behalf.  He did not
see the agreement until after suit was filed, was unaware of the need to review
any documents, and did not expect to sign any documents; thus, he never
consulted his attorney.  Zakirali also testified that he did not see the
agreement until after suit was filed and that the agreement is not accurate.

Giles’s trial counsel testified that he sent a
letter to Dhanani and Zakirali on Giles’s behalf.  Dhanani came to his office
and claimed that some of the gaming machines needed repairs.  He and Zakirali
offered $35,000 to satisfy the balance owed.  Dhanani did not deny being part
of the transaction.  Dhanani testified that he was at the office for reasons
unrelated to the law suit.  However, because Zakirali was having problems with
Giles, Dhanani offered to help resolve the problems.  He never represented
himself as Zakirali’s partner or as owner of the business.

Zakirali admitted that his responses to Giles’s
request for disclosure, stating that neither Dhanani nor Zakirali gave a
personal guarantee, indicate that Dhanani had some involvement in the
transaction.  Moreover, he was recently charged with engaging in organized criminal
activity after one of his game rooms, not Lucky Lady or Western Touch, was
raided.  Dhanani also admitted being charged with and pleading to a similar
charge of engaging in organized criminal activity.  He claimed that he had
leased some gaming machines to Zakirali and that Zakirali would have gone to
jail had Dhanani not pleaded.

The record contains conflicting evidence as to
whether Dhanani was a party to the agreement.  Nevertheless, “[i]n a bench
trial, it is for the court, as trier of fact, to judge the witnesses, to assign
the weight to be given their testimony, and to resolve any conflicts or
inconsistencies in the testimony.”  LaCroix
v. Simpson, 148 S.W.3d 731, 734 (Tex. App.—Dallas 2004, no pet.).  Because the record contains some evidence that Dhanani was
a party to the agreement to purchase the business and assets of Lucky Lady and
Western Touch from Giles, we cannot say that the evidence is legally and
factually insufficient.  For this reason, the trial court did not abuse its
discretion by denying Dhanani’s, Zakirali’s, and Software Consulting’s motion
for new trial.  See Dir., State Employees Workers’
Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994) (denial
of motion for new trial is reviewed for abuse of discretion).

Because Dhanani is liable as a party to the
contract, we need not discuss either his fifth issue addressing whether he is
liable as a guarantor or his sixth issue challenging the denial of his motion
for new trial on this basis.  See Tex.
R. App. P. 47.1.

DAMAGES

            In issue one, Dhanani, Zakirali, and
Software Consulting contend that Giles and Waco Games were not entitled to
recover damages for fraud and conversion because the only evidence of damages
arises out of the alleged contract.

“Under the [independent injury] rule, if the
defendant’s conduct would give rise to liability independent of the fact that a
contract exists between the parties, the plaintiff’s claim may sound in both
tort and contract, but if the defendant’s conduct would give rise to liability
only because it breaches the parties’ agreement, the plaintiff’s claim
ordinarily sounds only in contract.”  Exxon
Mobil Corp. v. Kinder Morgan Operating L.P., 192 S.W.3d 120, 126-27 (Tex. App.—Houston [14th Dist.] 2006, no
pet.) (citing Sw. Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991)). 
“The nature of the injury most often determines which duty or duties are
breached.”  Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618 (Tex. 1986).  We “look to the substance of the cause of action
and not necessarily the manner in which it was pleaded.”  Id. at 617-18.

Fraud

With regard to her fraud claim,
Giles alleged:

Additionally, the acts and omissions of Defendants
Dhanani and Zakirali, individually and on behalf of Defendant Software, in
representing to Plaintiffs that they would personally guarantee the agreements
and fulfill their obligations under the agreements when they, in fact, had no
intention of doing so, constituted fraud upon Plaintiffs.  Defendants made
false, material representations to Plaintiffs with the intent that Plaintiffs
rely on said representations and enter into the agreements, which Plaintiffs
did.

 

Giles appears to have pleaded a
claim for fraudulent inducement.  See Haase v. Glazner, 62 S.W.3d 795, 798-99 (Tex. 2001) (“with a fraudulent inducement claim, the elements of fraud must be
established as they relate to an agreement between the parties”); see
also Fletcher v. Edwards, 26 S.W.3d 66, 77 (Tex. App.—Waco 2000, pet.
denied) (fraudulent inducement
is established by: (1) a material misrepresentation; (2) which was false; (3)
which was known to be false when made or was made recklessly as a positive
assertion without knowledge of its truth; (4) which was intended to be acted
upon; (5) which was relied upon; and (5) which caused injury).

The independent injury requirement does not apply
to a fraudulent inducement
claim.  See Formosa
Plastics Corp. USA v. Presidio Eng’rs. & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998) (“tort damages are recoverable for a fraudulent
inducement claim irrespective of whether the fraudulent representations are
later subsumed in a contract or whether the plaintiff only suffers an economic
loss related to the subject matter of the contract”).

Conversion

Giles’s breach of contract and conversion claims are “based on the same
factual scenario,”
namely Dhanani’s and Zakirali’s
failure to sign the purchase agreement and failure to make payments.  Cessna Aircraft Co. v. Aircraft Network, L.L.C., 213 S.W.3d 455, 467 (Tex. App.—Dallas
2006, pet. denied).  Giles
alleged that Dhanani and Zakirali “unlawfully and without proper authority
assumed dominion and control over Plaintiffs’ property to the exclusion of
Plaintiffs’ rights in said property.”  However, these “assertions amount to nothing
more than a complaint” regarding Dhanani’s
and Zakirali’s
failure to comply with the agreement and their
“actions contrary to
these representations result only in a breach of contract.”  Frost Nat’l Bank v. Heafner,
12 S.W.3d 104, 111-12 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).  Had documents been signed and payments been made in
accordance with the agreement, there would be no breach of contract and, consequently, no dispute.  See Agillion, Inc. v. Oliver, 114 S.W.3d 86, 91 (Tex. App.—Austin 2003, no pet.).

Accordingly, Giles’s
conversion claim sounds in contract alone and establishes no injury independent
of her contract claim.  See Exxon
Mobil, 192 S.W.3d at 128-29; see
also Tarrant County Hosp. Dist. v. GE Automation Servs., 156
S.W.3d 885, 896 (Tex. App.—Fort Worth 2005, no pet.).

However, the trial court awarded $55,000 in actual
damages to Giles and Waco Games.  This amount signifies the difference between
the $65,000 purchase price and the $10,000 down payment, placing Giles and Waco
Games in the same position as they would have been had the agreement not been
breached.  See Bowen v. Robinson, 227 S.W.3d 86, 96 (Tex. App.—Houston [1st Dist.] 2006, pet.
denied) (“the normal measure of damages is just compensation for the loss or
damage actually sustained, commonly referred to as the benefit of the
bargain”).  Accordingly, there is no
indication of a double recovery in this case.  See Waite Hill Servs. v.
World Class Metal Works, 959 S.W.2d 182, 184 (Tex. 1998) (per curiam)
(“A double recovery exists when a plaintiff
obtains more than one recovery for the same injury”).  We overrule issue one.

The judgment is affirmed.

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed 

Opinion delivered and
filed May 28, 2008

[CV06]









[1]               Dhanani and Zakirali are brothers.