**AFFIRM; and Opinion Filed June 28, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00971-CV

**JONATHAN PERLMAN AND TRADITION SENIOR LIVING, L.P., Appellants**
**V.**
**EKLS FIRESTOPPING & CONSTRUCTION, LLC, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-04381**

## MEMORANDUM OPINION

Before Justices Bridges, Schenck, and Pedersen, III
Opinion by Justice Bridges

Appellee EKLS Firestopping & Construction, LLC (EKLS) sued Four Suns Construction, L.L.C. (Four Suns) and appellants Jonathan Perlman and Tradition Senior Living, L.P. (TSL) alleging breach of contract and seeking to pierce the corporate veil of Four Suns to impose liability on Perlman and TSL. Appellants filed a motion to dismiss EKLS's claims pursuant to the Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (the TCPA), and now appeal the denial of that motion by operation of law.[1] In three issues, appellants assert the trial court erred by (1) sustaining EKLS's objections to evidence offered in support of the motion to dismiss, (2) denying the motion to dismiss, and (3) denying appellants' request for an award of

---

[1] *See* CIV. PRAC. & REM. § 51.014(a)(12) (authorizing a person to appeal from an interlocutory order denying a motion to dismiss under section 27.003); *see also id*. § 27.008(a) (providing for denial of TCPA motion by operation of law if motion is not ruled on within TCPA deadlines and upon which "the moving party may appeal.").

attorney's fees and/or sanctions. We conclude appellants failed to carry their burden of establishing the TCPA applies to EKLS's claims. Accordingly, we affirm the denial of appellants' motion to dismiss.

BACKGROUND

EKLS contracted with Four Suns to provide firestopping installation services for fire-rated walls and floors at an assisted living community. Perlman, the sole manager and president of Four Suns and president of TSL,[2] negotiated and signed the contract.[3] Under the contract, EKLS was to provide services, its invoices would be paid within thirty days of receipt, it could charge a ten percent late fee if invoices were not paid timely, and the total amount invoiced would not exceed $125,000. EKLS performed the work, but was consistently paid late. When payments stopped, EKLS did not return to the project.

Four Suns filed suit against EKLS, alleging EKLS breached the contract by failing to finish its scope of work. EKLS counterclaimed against Four Suns seeking fees owed under the contract. EKLS later amended its counterclaim to add Perlman and TSL as counter-defendants on its claim for fees. In its second amended counterclaim, EKLS asserts a breach of contract cause of action against Four Suns, TSL, and Perlman for failing to pay EKLS for the work and services it performed. EKLS also asserts Four Suns was operated as a mere tool, or business conduit, of Perlman and TSL to evade legal obligations and, as a result, the corporate fiction should be disregarded and Perlman, individually, and TSL should be liable for EKLS's damages. As support, EKLS alleges it regularly interacted with TSL and Perlman and (1) EKLS was instructed to send the invoices to a TSL employee, and Perlman approved the invoices for final payment; (2) Four Suns, Perlman, and TSL shared common offices and employees and centralized accounting; (3)

---

[2] TSL, a limited partnership, is the sole member of Four Suns. The sole general partner of TSL is Tradition SL, LLC, and Perlman is the manager of Tradition SL, LLC.

[3] The record shows Perlman signed an EKLS proposal dated May 20, 2015, and a subsequent updated proposal dated June 11, 2015.

TSL paid bills for Four Suns, and TSL's employees rendered services on behalf of Four Suns; (4) the allocation of profits and losses between the entities is unclear; (5) Perlman and TSL jointly undertook and shared the management, control, and daily operations of Four Suns; and (6) Perlman never intended for Four Suns to have any employees. According to EKLS, Four Suns "was used fraudulently to act as the contracting party with EKLS so that later Perlman and [TSL] could refuse to pay EKLS for work perform (sic) but not have any liability."

Appellants filed a motion to dismiss EKLS's claims under the TCPA. The motion to dismiss asserts all of EKLS's claims are based on appellants' exercise of the right of association and the alter ego claims, which require proof of "fraudulent representations," also are based on their exercise of the right to free speech. The trial court held a hearing on appellants' motion to dismiss but failed to rule on the motion within thirty days of the hearing, causing the motion to be denied by operation of law. *See* CIV. PRAC. & REM. § 27.005(a), .008(a).

APPLICABLE LAW

The legislature enacted the TCPA to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *See* CIV. PRAC. & REM. § 27.002; *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017). The TCPA sets out a two-step procedure to expedite the dismissal of claims brought to intimidate or silence a defendant's exercise of the applicable First Amendment rights. CIV. PRAC. & REM. §§ 27.003(a), .005; *Coleman*, 512 S.W.3d at 898.

A movant seeking dismissal under the TCPA bears an initial burden of showing by a preponderance of the evidence that the legal action is based on, relates to, or in response to the movant's exercise of the right of free speech, the right of association, or the right to petition. CIV.

–3–

PRAC. & REM. § 27.005(b); *see also S & S Emergency Training Solutions, Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). If the movant makes this showing, the burden shifts to the non-movant to establish by clear and specific evidence a prima facie case for each essential element of its claims. CIV. PRAC. & REM. § 27.005(c); *Elliott*, 564 S.W.3d at 847. If the non-movant satisfies this requirement, the trial court must still dismiss a claim if the movant "establishes by a preponderance of the evidence each essential element of a valid defense to the [non-movant's] claim." CIV. PRAC. & REM. § 27.005(d); *see Youngkin v. Hines*, 546 S.W.3d 675, 679–80 (Tex. 2018). To determine whether a legal action should be dismissed, the trial court considers "the pleadings and supporting and opposing affidavits stating the facts on which liability or defense is based." CIV. PRAC. & REM. § 27.006(a); *Hersch v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

We review de novo the trial court's ruling on a TCPA motion to dismiss. *Mohamed v. Ctr. for Sec. Policy*, 554 S.W.3d 767, 773 (Tex. App.—Dallas 2018, pet. denied). In doing so, we consider the pleadings and supporting and opposing affidavits in the light most favorable to the non-movant. *Fishman v. C.O.D. Capital Corp.*, No. 05-16-00581-CV, 2017 WL 3033314, at *5 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.).

Whether the TCPA applies to a non-movant's claims is an issue of statutory interpretation that we also review de novo. *Youngkin*, 546 S.W.3d at 680. In conducting our analysis, we construe the TCPA "liberally to effectuate its purpose and intent fully." CIV. PRAC. & REM. § 27.011(b); *see also State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018). "We ascertain and give effect to the Legislature's intent as expressed in the language of the statute," *see Harper*, 562 S.W.3d at 11, and construe the statute's words "according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." *Youngkin*, 546 S.W.3d at 680. The supreme court has specifically directed us to adhere to the definitions in the TCPA. *Adams v. Starside Custom Builders*, *LLC*, 547 S.W.3d 890,

894 (Tex. 2018); *Youngkin*, 546 S.W.3d at 680. However, in the process of applying "isolated" definitions, we are required to construe those individual words and provisions in the context of the statute as a whole. *Youngkin*, 546 S.W.3d at 680–81.

ANALYSIS

In their second issue, appellants contend the trial court erred in denying by operation of law their TCPA motion to dismiss because they satisfied their initial burden of showing EKLS's claims are based on, relate to, or in response to appellants' exercise of their rights of association and free speech. The TCPA's definitions of both exercise of the right of association and exercise of the right of free speech require a communication, which includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *See* CIV. PRAC. & REM. §§ 27.001(1)–(3).[4] Appellants' motion to dismiss and brief on appeal identify the following general categories of communications: "(a) the execution of multiple contracts and change orders; (b) documents establishing relationships between Four Suns, TSL, and Perlman; and (c) communications between the parties prior to and in connection with the contracting upon which EKLS bases its allegations that Perlman and TSL are each liable as parties to the agreement."[5]

*Exercise of Right of Association*

On appeal, appellants assert EKLS's breach of contract and piercing the corporate veil claims[6] against them are based upon their exercise of the right of association and, specifically,

---

[4] Following this case's submission, the Texas Legislature amended the TCPA in several respects, including removing the "communication" requirement from the definition of an "exercise of the right of association." *See* Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 1-12, 2019 Gen. Laws ___. The amendments, however, apply only to actions filed on or after September 1, 2019. *Id.* at § 11.

[5] Our review of EKLS's second amended counterclaim shows it refers to the following communications: (1) EKLS being hired to provide firestopping installation; (2) Perlman negotiating and signing the contract; (3) Perlman and EKLS agreeing to the contact's terms; (4) EKLS being instructed to send invoices to Lisa Gros, a TSL employee, and Robert Russell, a Tradition Management, LLC employee; (5) EKLS's weekly invoicing; (6) Perlman approving invoices for payment; and (7) EKLS regularly having to follow up with Gros, Russell, and Perlman for payment. EKLS's brief also refers to evidence that Perlman required EKLS to list Four Suns as the contracting party.

[6] Appellants refer to, and address, EKLS's request to pierce the corporate veil as a separate claim, apart from EKLS's breach of contract claim. An attempt to pierce the corporate veil, in and of itself, is not a cause of action, but rather a means of imposing liability in an underlying

–5–

communications, including Perlman's execution of the EKLS contract "along with whatever additional documents or communications establish Perlman's relationship with TSL" and "the 'communications' which establish [the] association" between Perlman, TSL, and Four Suns.

The TCPA defines the "exercise of the right of association" as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." CIV. PRAC. & REM. § 27.001(2); *see also Kawcak v. Antero Res. Corp.*, No. 02-18-00301-CV, 2019 WL 761480, at \*6 (Tex. App.—Fort Worth Feb. 21, 2019, pet. denied). This Court has concluded that "to constitute an exercise of the right of association under the [TCPA], the nature of the 'communication between individuals who join together' must involve public or citizen's participation." *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 426 (Tex. App.—Dallas 2019, pet. denied) (quoting *ExxonMobil Pipeline Co. v. Coleman*, 464 S.W.3d 841, 847 (Tex. App.—Dallas 2015), *rev'd on other grounds*, 512 S.W.3d 895).

Neither appellants' motion to dismiss nor their brief in support identified a common interest they joined together to collectively express, promote, pursue, or defend. During the hearing on their motion to dismiss, appellants identified "build[ing] this assisted living facility" as a common interest between themselves and Four Suns. On appeal, they identified a common interest in "contracting with EKLS." To establish an exercise of the right of association, however, appellants also had to show the nature of the communication involved public or citizen participation. *See Dyer*, 573 S.W.3d at 426. Appellants did not show how Perlman's execution of a private contract with EKLS involved any public or citizen participation. Similarly, to the extent EKLS's claims are based on, relate to, or in response to any communications that "establish" the "relationship" or "association" between Perlman, TSL, and/or Four Suns, appellants have not shown those

cause of action. *Matthews Constr. Co. v. Rosen*, 796 S.W.2d 692, 693 n.1 (Tex. 1990). In any event, we address whether EKLS's claims against appellants as alleged in its petition are based on, relate to, or in response to appellants' exercise of both the right of association and the right of free speech.

–6–

communications, without more, involve public or citizen participation. *See Coleman*, 464 S.W.3d at 847 (in light of TCPA's purpose, "it would be illogical for the [TCPA] to apply to situations in which there is no element of public participation").

Construing the TCPA to find a right of association in this case simply because there are communications between parties with a shared interest in a private business transaction does not further the TCPA's purpose to curb strategic lawsuits against public participation. *See, e.g., Dyer*, 573 S.W.3d at 426–27 (concluding text messages between individuals pursuing common interest of misappropriating appellees' proprietary software and confidential business information did not involve public or citizen's participation); *Kawcak*, 2019 WL 761480, at *17 ("[T]he plain meaning of the word 'common' in TCPA section 27.001(2)'s definition of 'the right of association' requires more than two tortfeasors conspiring to act tortiously for their own selfish benefit."); *see also In re IntelliCentrics, Inc.*, No. 02-18-00280-CV, 2018 WL 5289379, at * 4 (Tex. App.—Fort Worth Oct. 25, 2018, orig. proceeding) (recognizing "distinction between communications used as evidence to support a claim for breach of contract and a claim 'based upon, relate[d] to, or [] in response to' that communication under the TCPA"). Because appellants have not shown the nature of any communication they rely upon involved public or citizen participation, we conclude they failed to establish by a preponderance of the evidence that EKLS's claims are based on, relate to, or in response to appellants' exercise of a right of association as defined by the TCPA.

*Right of Free Speech*

Appellant also assert EKLS's alter ego claims are based upon appellants' exercise of the right to free speech. Appellants contend EKLS's allegation that Four Suns "was used fraudulently to act as the contracting party with EKLS" necessarily implies a communication in the form of a misrepresentation.

The "exercise of the right of free speech" is a communication made in connection with a matter of public concern. CIV. PRAC. & REM. § 27.001(3). A "matter of public concern" may include an issue related to health or safety, environmental, economic, or community well-being, the government, a public official or public figure, or a good, product, or service in the marketplace. *Id*. § 27.001(7). Private communications made in connection with a matter of public concern fall within the TCPA's definition of the exercise of the right of free speech. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). The TCPA does not require that communications specifically "mention" a matter of public concern or have more than a "tangential relationship" to such a matter, but applies so long as the movant's statements are "in connection with" "issue[s] related to" any of the matters of public concern listed in the statute. *Coleman*, 512 S.W.3d at 900. The TCPA, however, "has its limits" and not every communication falls under the statute. *See Dyer*, 573 S.W.3d at 428 (citing *In re IntelliCentrics, Inc.*, 2018 WL 5289379, at *4).

Appellants argue they met their burden of establishing the TCPA applies to EKLS's alter ego claims because the claims are "expressly based on alleged misrepresentations by Perlman and/or TSL in that EKLS alleges Four Suns 'was used *fraudulently* to act as the contracting party with EKLS so that later Perlman and [TSL] could refuse to pay EKLS for work perform [sic] but not have any liability.'" (Emphasis in original). For the first time in their reply brief on appeal, appellants assert these communications were made in connection with a matter of public concern – health and safety – because assisted living facilities must be licensed under the Texas Health and Safety Code, construction of assisted living facilities is highly regulated under the Texas Administrative Code in Texas, and firestopping is required to comply with "very specific and somewhat onerous fire safety standards promulgated" by the Texas Department of Aging and Disability Services.

To establish they were exercising their right of free speech, appellants had to show any "misrepresentations"[7] alleged by EKLS were made in connection with a matter of public concern. *See Coleman*, 512 S.W.3d at 900. However, "[c]onstruing the [TCPA] to denote that all private business discussions are a 'matter of public concern' if the business . . . is related to health or safety is a potentially absurd result that was not contemplated by the Legislature." *Erdner v. Highland Park Emergency Ctr., LLC*, No. 05-18-00654-CV, 2019 WL 2211091, at *5 (Tex. App.—Dallas May 22, 2019, no pet. h.) (communications about formation of freestanding emergency room business and possible scope of its future activities were not exercise of free speech simply because communications could result in healthcare services being offered to the public at some point in the future); *Staff Care, Inc. v. Eskridge Enters., LLC*, No. 05-18-00732-CV, 2019 WL 2121116, at *5 (Tex. App.—Dallas May 15, 2019, no pet. h.) (mem. op.) (statements about a business dispute, the subject of which involved physicians as part of an agreement for locum tenens coverage, were not in connection to an issue related to health and safety or community well-being such that they were "matter of public concern"); *Dyer*, 573 S.W.3d at 428 (communications discussing misappropriating proprietary software and other confidential information were not tangentially related to a matter of public concern simply because the information belonged to a healthcare company).

Here, appellants never argued in the trial court that EKLS's legal action was based on communications related to health and safety. Nor have they shown EKLS's piercing the corporate veil theory is based on, relates to, or in response to any communication made in connection with an issue related to health and safety. Although the contract called for EKLS to perform

    [7] Appellants contend they cannot be liable unless EKLS establishes appellants perpetrated an actual fraud, which requires a communication in the form of a misrepresentation. In support, appellants cite authority setting out the elements of a fraud cause of action. However, in the context of piercing the corporate veil, actual fraud is not equivalent to the tort of fraud and instead involves "dishonesty of purpose or intent to deceive." *See* TEX. BUS. ORG. CODE ANN. § 21.223(b); *Martin v. U.S. Merchants Fin. Group, Inc.*, No. 05-13-00999-CV, 2014 WL 6871392, at *5 (Tex. App.—Dallas Dec. 8, 2014, no pet.) (mem. op.); *Latham v. Burgher*, 320 S.W.3d 602, 607 (Tex. App.—Dallas 2010, no pet.).

firestopping services at an assisted living facility, the only issues in this case are whether EKLS performed the services and, if so, who is liable for paying for those services. Under these circumstances, we cannot conclude appellants satisfied their burden of showing by a preponderance of the evidence that EKLS's claims are based on, relate to, or in response to appellants' exercise of the right of free speech. *See, e.g., Erdner*, 2019 WL 2211091, at *5; *Staff Care, Inc.*, 2019 WL 2121116, at *5; *Dyer*, 573 S.W.3d at 428, at *6; *compare Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 81 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (op. on reh'g) (newspaper articles about an assisted living facility, especially whether it was meeting legal requirements and whether it was denying residents their legal rights, were in connection with matter of public concern). Accordingly, we need not address whether EKLS established the elements of its prima facie case against appellants by "clear and specific evidence" or appellants' third issue asserting the trial court erred in denying their request for an award of attorney's fees and/or sanctions.[8] *See Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 287 (Tex. App.—Dallas 2015, pet. denied) (because appellant failed to meet its burden of showing TCPA applied to appellees' claim, appellate court need not address other prongs of TCPA analysis). We overrule appellants' second issue.

EKLS includes in its brief a request that we remand with an order that the trial court award it court costs and reasonable attorney's fees under section 27.009(b) because appellants' motion to dismiss was frivolous. *See* CIV. PRAC. & REM. § 27.009(b) (authorizing trial court to award court costs and reasonable attorney's fees to a responding party if it finds a TCPA motion to dismiss is frivolous or solely intended to delay). EKLS, however, did not file a notice of appeal, which is required to alter a trial court's judgment or other appealable order. *See* TEX. R. APP. P.

---

[8] Similarly, we need not address appellants' first issue in which they complain the trial court erred in excluding supplementary evidence appellants filed to address newly-asserted factual allegations in EKLS's second amended counterclaim. Appellants neither cited to nor relied on the excluded evidence in arguing the TCPA applies to EKLS's claims.

25.1(c).  Under rule 25.1(c), we may not grant a party who does not file a notice of appeal "more favorable relief than did the trial court except for just cause," *see id.*, and EKLS has made no just cause argument.  Accordingly, EKLS has waived our consideration of this issue on appeal.  *See* TEX. R. APP. P. 38.1(h); *Lacroix v. Simpson*, 148 S.W.3d 731, 735–36 (Tex. App.—Dallas 2004, no pet.); *New York Party Shuttle, LLC v. Bilello*, 414 S.W.3d 206, 218–19 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

We affirm the trial court's denial of appellants' motion to dismiss by operation of law.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


180971F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JONATHAN PERLMAN AND
TRADITION SENIOR LIVING, L.P.,
Appellants

No. 05-18-00971-CV    V.

EKLS FIRESTOPPING &
CONSTRUCTION, LLC, Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-04381.
Opinion delivered by Justice Bridges;
Justices Schenck and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee EKLS FIRESTOPPING & CONSTRUCTION, LLC recover its costs of this appeal from appellants JONATHAN PERLMAN AND TRADITION SENIOR LIVING, L.P.

Judgment entered June 28, 2019.