**Affirmed and Opinion Filed February 2, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-01377-CV

**MOHAMED ABUNIJMEH, Appellant**
**V.**

**ELIAS DAVIS JOSE MUNOZ HURTADO AND LIVESTOCK CM723, LLC,**
**Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-04671**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Breedlove

Appellant Mohamed Abunijmeh sued Appellees Elias Davis Jose Munoz

Hurtado and Livestock CM723[1] for breach of contract, among other causes of

action.[2] A bench trial was held, and the trial court found in favor of Munoz.

Abunijmeh appeals, complaining that the trial court erred as a matter of law because

---

[1] For simplicity, we refer to appellees collectively as "Munoz" as the parties did before the trial court.

[2] Because Abunijmeh only challenges the court's judgment regarding the breach of contract claim, we address only the breach of contract cause of action in this opinion.

the evidence established the existence of a contract between the parties. Concluding that the trial court did not abuse its discretion, we affirm the trial court's judgment.

## I. BACKGROUND

This case arises out of a business deal between Abunijmeh and Munoz in which Abunijmeh would provide Munoz with funds and Munoz would use the funds to buy, raise, and eventually sell cattle. Prior to the deal that formed the basis of this suit, the parties had previously engaged successfully in a similar deal; however, due to logistical and health issues, the second deal between the parties was unsuccessful, and both parties sustained losses.

Abunijmeh characterized the deal as a "guaranteed investment" wherein the parties had a contract for Munoz to eventually pay back the entire sum provided to him by Abunijmeh. Munoz, on the other hand, characterized the deal as a partnership or joint venture wherein the parties would equally absorb the venture's risk and reward. The case was tried before a judge who found in favor of Munoz. The court did not issue findings of fact or conclusions of law.

On December 20, 2022, Abunijmeh appealed the trial court's judgment. In one issue, Abunijmeh complains that the trial court erred in entering final judgment in favor of Munoz when the evidence established as a matter of law that a contract existed between Abunijmeh and Munoz. In response, Munoz argues that Abunijmeh has waived his issue(s) under Rule 38.1(i), but even if the Court finds the arguments survive waiver, the issues are resolved by the required deference to the trial court on

–2–

matters of witness credibility. Further, Munoz argues that should the Court reach the merits, the existence of conflicting evidence from the two witnesses precludes Abunijmeh from prevailing.

## II. STANDARD OF REVIEW

In a bench trial, the trial court is the sole judge of the credibility of the witnesses, assigns the weight to be given their testimony, may accept or reject all or any part of their testimony, and resolves any conflicts or inconsistencies in the testimony. *LaCroix v. Simpson*, 148 S.W.3d 731, 734 (Tex. App.—Dallas 2004, no pet.). This Court is not a fact finder and we may not pass upon the credibility of the witnesses or substitute our judgment for that of the trier of fact, even if a different answer could be reached upon review of the evidence. *See Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex. App.—Dallas 1986, writ ref'd n.r.e.).

When an appellant complains of the legal sufficiency of the evidence supporting an adverse finding on a matter on which the appellant had the burden of proof, it must show the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). In reviewing a "matter of law" challenge, we first examine the record for evidence supporting the finding, and then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* We sustain the point of error only if the contrary proposition is conclusively established. *Id.*

### III. APPLICABLE LAW

To prove contract formation, a party must prove, among other elements, an offer and acceptance and a meeting of the minds on all essential elements. *See Thornton*, 355 S.W.3d at 316; *Cessna Aircraft Co. v. Aircraft Network, L.L.C.*, 213 S.W.3d 455, 465 (Tex. App.—Dallas 2006, pet. denied). The term "meeting of the minds" refers to the parties' mutual understanding and assent to the expression of their agreement. *Weynand v. Weynand*, 990 S.W.2d 843, 846 (Tex. App.—Dallas 1999, pet. denied). To create an enforceable contract, the minds of the parties must meet with respect to the subject matter of the agreement and all its essential terms. *Id.* The parties must agree to the same thing, in the same sense, at the same time. *Id.* The elements of written and oral contracts are the same and must be present for a contract to be binding. *Thornton*, 355 S.W.3d at 316. In determining the existence of an oral contract, the court looks to the communications between the parties and to the acts and circumstances surrounding the communications. *Id.*

### IV. DISCUSSION

In this appeal, Abunijmeh argues that the checks written by Munoz, prior dealings between the parties, and Munoz's testimony establish as a matter of law that a contract existed between the parties. By contrast, Munoz identifies conflicts between the parties' testimonies and within Abunijmeh's own testimony that contradict Abunijmeh's theory. The trial court, as the finder of fact, was the sole judge of the credibility of the witnesses; therefore, the court was entitled to accept

Munoz's testimony and reject Abunijmeh's. *See LaCroix*, 148 S.W.3d at 734. Because there was conflicting evidence regarding whether there was a contract, Abunijmeh cannot establish this issue as a matter of law; therefore, we find against him on his sole issue. *See Dow Chem. Co.*, 46 S.W.3d at 241.

## V.    CONCLUSION

We affirm the trial court's judgment.

221377f.p05

/Maricela Breedlove/

MARICELA BREEDLOVE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MOHAMED ABUNIJMEH,
Appellant

No. 05-22-01377-CV  V.

ELIAS DAVIS JOSE MUNOZ
HURTADO AND LIVESTOCK
CM723, LLC, Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-04671.
Opinion delivered by Justice
Breedlove. Justices Carlyle and
Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees ELIAS DAVIS JOSE MUNOZ HURTADO AND LIVESTOCK CM723, LLC recover their costs of this appeal from appellant MOHAMED ABUNIJMEH.

Judgment entered this 2nd day of February, 2024.