**Affirmed and Opinion Filed May 14, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01183-CV**

**SUNANDA JANA, Appellant**
**V.**
**DILIP JANA, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-56625-2020**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Emily Miskel

Appellant Ms. Sunanda Jana challenges the trial court's property division in her divorce case. By letter dated July 24, 2023, we notified Ms. Jana that her pro se appellant's brief did not satisfy the requirements of Rule 38 of the Texas Rules of Civil Procedure. Specifically, the letter informed the appellant that, among other deficiencies:

- Her brief does not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references. TEX. R. APP. P. 38.1(d).

- Her brief does not contain a concise statement of the facts supported by record references. TEX. R. APP. P. 38.1(g).

- Her argument does not contain appropriate citations to the record. TEX. R. APP. P. 38.1(i).

This court directed her to file an amended brief that complied with Rule 38. On August 3, 2023, Ms. Jana filed an amended brief that similarly failed to comply with the rules of appellate procedure.

We construe liberally pro se pleadings and briefs. Still, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). Any other approach would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.). Texas law is well established that, to properly present an appellate issue, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1; *In re N.E.B.*, 251 S.W.3d at 212. Conclusory assertions of error, without argument and authority waive error. *Id*. Where a party fails to adequately brief a complaint, she waives the issue on appeal. *Id*.

In her amended brief, Ms. Jana asserts that the trial court abused its discretion in the property division portion of its judgment. However, Ms. Jana has failed to provide us with argument, analysis, or authorities that make her appellate complaint

viable.  *Id.*  The brief fails to show how any complained-of error was preserved for our review.  Although the brief lists facts and lists cases, the brief does not connect the two with legal analysis showing how any alleged error must result in reversal of the judgment under the applicable standard of review.  By failing to adequately brief her complaints, Ms. Jana has waived our review of her complaints.  *Id.*  Accordingly, we need not further address Ms. Jana's complaints.

In his pro se appellee's brief, the Mr. Jana responds to the appellant's complaints about the property division and further requests "the 5th Court of Appeal to re-evaluate child custody and overturn Trial court's decision of making mother as a primary custodian."  Since appellee Mr. Jana did not bring his own appeal, we are unable to address his additional issue.  TEX. R. APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal.");  *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737–38 (Tex. 2001) (citing Rule 25.1(c) and holding "a party that seeks to alter the trial court's judgment must file a notice of appeal");  *LaCroix v. Simpson*, 148 S.W.3d 731, 735 (Tex. App.—Dallas 2004, no pet.) (noting that our rules forbid granting a party who filed no notice of appeal "more favorable relief than did the trial court except for just cause" and further noting the party made no argument involving just cause.).  Here, Mr. Jana neither filed a notice of appeal nor raised any argument that just cause should excuse his failure to file a notice of appeal.  Thus, we do not address his issue.

We affirm the trial court's judgment.  The parties shall each bear their respective costs of this appeal.



/Emily Miskel/
EMILY MISKEL
221183F.P05                            JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SUNDANA JANA, Appellant

No. 05-22-01183-CV      V.

DILIP JANA, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-56625-2020.
Opinion delivered by Justice Miskel. Justices Nowell and Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party shall bear their own costs in this appeal.

Judgment entered this 14th day of May 2024.