**AFFIRMED and Opinion Filed November 13, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00290-CV**

**LATISHA HASSEN, Appellant**
**V.**
**PAUL DEMETRIOU, Appellee**

**On Appeal from the County Court at Law No. 7**
**Collin County, Texas**
**Trial Court Cause No. 007-03505-2023**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Garcia

In this landlord/tenant suit, Latisha Hassen ("Tenant") appeals the County

Court's judgment against her for $2,887.63 in damages and $4,130 in attorney's fees.

In eight issues with multiple subparts, Tenant, appearing pro se, generally

complains that the County Court lacked jurisdiction and the judgment was in error.

Concluding Tenant's arguments are without merit, we affirm the trial court's

judgment.

### I. BACKGROUND

Paul Demetriou ("Landlord") and Tenant were parties to a residential lease

agreement (the "Lease") that was renewed multiple times. The Lease period at issue

here was from December 1, 2021 to November 30, 2022, during which time the Lease required that Tenant make $1,525 monthly rent payments.

On March 30, 2022, Tenant advised Landlord that she was terminating the Lease because certain requested repairs had not been done. Tenant did not pay April rent and vacated the property on April 6, 2022. Tenant subsequently demanded return of her security deposit.

Landlord responded to Tenant's request for her security deposit with a demand for payment. Landlord stated that after applying a $1,650 credit for Tenant's security deposit, $2,887.63 remained due and owing for damages to the property, unpaid rent, cleaning, and the cost of reletting.

Tenant sued Landlord and his property manager in JP Court seeking three times the amount of her deposit and other damages for alleged landlord retaliation. The property manager appeared, but the Landlord did not. The court entered a default judgment against Landlord and dismissed the property manager from the suit.

Landlord appealed to the County Court. He also filed a breach of contract counterclaim and requested damages and attorney's fees. When the appeal was filed, Landlord filed a $14,000 cash deposit in lieu of bond. When the deposit was filed, the JP court gave Landlord a surety form to complete. Landlord signed the form but did not indicate that "the bond" was payable to Tenant.

Tenant moved to dismiss the case for failure to perfect the appeal by posting a proper bond. The court conducted a hearing, and counsel for Landlord explained

that the wrong form had been used to accompany the cash deposit. Counsel requested seven days to remedy the defect in accordance with TEX. R. CIV. P. 506.1(g). The trial court granted the request and reset the trial.

On the day of trial, Tenant re-urged her motion to dismiss.[1] She acknowledged that the bond issue had been remedied, but claimed she had not received written notice of the appeal. There was no evidence attached to the motion attesting to this allegation. Counsel for Landlord represented that the required notice had been emailed to Tenant. Before the bond issue was rectified, the court's docket reflects "Appeal filed in CCAL—Emailed to Plaintiff." After the bond issue was remedied, the court's docket sheet reflects "Notice of Deposit." The trial court denied the motion to dismiss.

The property manager, Debbie Leonard ("Leonard") testified on Landlord's behalf. The Lease and renewals, correspondence between the parties, an itemized list of the amounts due and owing, and photographs of the property were admitted into evidence. Landlord's counsel testified about attorney's fees with supporting documentation that was admitted into evidence. Tenant also testified and introduced documentary evidence. When the trial concluded, the court entered judgment for Landlord, awarding $2,887.63 in damages and $4,130.00 in attorney's fees.

---

[1] The previously filed motion was not supported by affidavit or any other evidence.

At Tenant's request, the court also made findings of fact and conclusions of law. The court concluded that Landlord did not breach the Lease and Tenant should take nothing on her claims against him. The court further found that Tenant breached the Lease by vacating the property prior to expiration of the Lease, damaged the property in excess of normal wear and tear, and Landlord incurred damages for cleaning and maintaining the property. The court also found that Tenant owed unpaid rent and the cost of reletting.

Tenant filed a "Motion to Set Aside Default Judgment and Motion to Reconsider Motion to Dismiss," and a motion for new trial. The trial court denied the motions. Tenant also requested additional findings of fact and conclusions of law, which the trial court also denied. This appeal followed.

## II. ANALYSIS

We note at the outset that Tenant has appeared pro se. "We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) ("We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure."); *Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) (discussing specific requirements for briefing).

–4–

"An appellate brief is meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (internal quotations omitted). Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (appellant bears burden of discussing his assertions of error). The failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.).

We have liberally construed Tenant's brief in an effort to address the issues she seeks to raise. To the extent our understanding of Tenant's presentation of an issue or subpoint is incorrect, it is waived for inadequate briefing. *See id.*

## A. Jurisdiction

Tenant's first two issues complain that the trial court erred in denying her motion to dismiss because the appeal from JP court to County court was not properly perfected in accordance with TEX. R. CIV. P. 506.1(e).

Rule of Civil Procedure 506.1 governs appeals from Justice Court to County Court. That rule provides, in part, as follows:

> (a) How Taken; Time. A party may appeal a judgment by filing a bond, making a cash deposit, or filing a sworn statement of inability to pay with the justice court within 21 days after the judgment is signed or the motion to reinstate, motion to set aside, or motion for new trial, if any, is denied.
>
> (b) Amount of Bond; Sureties; Terms. A plaintiff must file a $500 bond. A defendant must file a bond in an amount equal to twice the amount of the judgment. The bond must be supported by a surety or sureties approved by the judge. The bond must be payable to the appellee and must be conditioned on the appellant's prosecution of its appeal to effect and payment of any judgment and all costs rendered against it on appeal.
>
> (c) Cash Deposit in Lieu of Bond. In lieu of filing a bond, an appellant may deposit with the clerk of the court cash in the amount required of the bond. The deposit must be payable to the appellee and must be conditioned on the appellant's prosecution of its appeal to effect and payment of any judgment and all costs rendered against it on appeal.

TEX. R. CIV. P. 506.1.

The Rule provides that "an appeal is perfected when a bond, cash deposit, or Statement of Inability to Afford Payment of Court Costs is filed in accordance with this rule." TEX. R. CIV. P. 506.1(h). The Rule also requires written notice of the appeal. *See* TEX. R. CIV. P. 506.1(e) ("Within 7 days of filing a bond or making a cash deposit, an appellant must serve written notice of the appeal on all other parties using a method approved under Rule 501.4.").[2]

---

[2] Rule 501.4 provides that service of papers other than citation may be made in person, by mail or courier, by fax, email, or any other method directed by the court. TEX. R. CIV. P. 501.4.

Tenant acknowledges, as she did in open court, that the bond issue was remedied. The appeal was perfected when that occurred. TEX. R. CIV. P. 506.1(h). Nonetheless, she argues Landlord did not provide written notice of the appeal. The court's docket sheet reflects, however, that a "Notice of Deposit" was filed. There is nothing to establish that Tenant did not receive such notice. Accordingly, the trial court did not err in denying Tenant's motion to dismiss. Tenant's first two issues are overruled.

**B.  Findings of Fact and Conclusions of Law**

We understand Tenant's third, fifth, sixth, and seventh issues to generally challenge the trial court's denial of Tenant's requested additional findings and the sufficiency of the evidence to support the findings that were made. Tenant does not expressly challenge any individual findings.

Sufficiency

We begin with the sufficiency of the evidence to support the trial court's findings that Tenant breached the Lease and Landlord was entitled to damages. Following a trial before the court, a party is entitled to written findings of fact and conclusions of law upon timely request. TEX. R. CIV. P. 296. A trial court should make findings as to ultimate issues, not evidentiary facts. *See Guillory v. Dietrich*, 598 S.W.3d 284, 290 (Tex. App.—Dallas 2020, pet. denied). A "trial court should not make findings on every disputed fact, but only those having some legal significance to an ultimate issue in the case" *Id*. (quoting *Watts v. Lawson*, No. 07-

03-0485-CV, 2005 WL 1241122, at *3 (Tex. App.—Amarillo May 25, 2005, no pet.) (mem. op.)); *see also Stuckey Diamonds, Inc. v. Harris Cty. Appraisal Dist.*, 93 S.W.3d 212, 213 (Tex. App.—Houston [14th Dist.] 2002, no pet.). An ultimate or controlling fact issue is one that is essential to the cause of action and that would have a direct effect on the judgment. *Rich v. Olah*, 274 S.W.3d 878, 886 (Tex. App.—Dallas 2008, no pet.); *Buckeye Ret. Co., L.L.C. v. Bank of Am., N.A.*, 239 S.W.3d 394, 402 (Tex. App.—Dallas 2007, no pet.). Findings on evidentiary matters are unnecessary and we disregard such findings on appeal. *Guillory*, 598 S.W.3d at 290.

Findings of fact entered in a case tried to a court are of the same force and dignity as a jury's verdict on jury questions. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994). We apply the same standards in reviewing the legal and factual sufficiency of the evidence supporting the trial court's fact findings as we do when reviewing the legal and factual sufficiency of the evidence supporting a jury's answer to a jury question. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996) (per curiam); *Catalina*, 881 S.W.2d at 297. We indulge every reasonable presumption in favor of the findings and judgment of the trial court, and no presumption will be indulged against the validity of the judgment. *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

We review the trial court's conclusions of law de novo. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Incorrect conclusions

of law will not require a reversal if the controlling findings of fact will support a correct legal theory. *Sears, Roebuck and Co. v. Nichols*, 819 S.W.2d 900, 903 (Tex. App.—Houston [14th Dist.] 1991, writ denied).

In reviewing the legal sufficiency of the evidence, we view the evidence in the light favorable to the fact finding, crediting favorable evidence if reasonable persons could, and disregarding contrary evidence unless reasonable persons could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). To evaluate the factual sufficiency of the evidence to support a finding, we consider all the evidence and will set aside the finding only if the evidence supporting the finding is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

In a bench trial, the trial court is the sole judge of the credibility of the witnesses, assigns the weight to be given their testimony, may accept or reject all or any part of their testimony, and resolves any conflicts or inconsistencies in the testimony. *LaCroix v. Simpson*, 148 S.W.3d 731, 734 (Tex. App.—Dallas 2004, no pet.). This Court is not a fact finder and we may not pass upon the credibility of the witnesses or substitute our judgment for that of the trier of fact, even if a different answer could be reached upon review of the evidence. *See Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex. App.—Dallas 1986, writ ref'd n.r.e.).

Unchallenged findings of fact are binding on the parties and the appellate court. *Employers Cas. Co. v. Henager*, 852 S.W.2d 655, 658 (Tex. App.—Dallas 1993, writ denied). *See Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex.1998).

The evidence here establishes the Lease term and the amount of rent due, and the fact that Tenant vacated the property before the Lease term expired. The Lease reflects that Tenant is responsible for the cost of reletting for vacating the property before the Lease term expires, as well as for damages that exceed normal wear and tear on the property.

Leonard testified about repairs that were required after Tenant vacated, including a damaged miniblind that was new when Tenant moved in, an overgrown yard, a dirty stove, replacement of a burned section of the fence, a missing towel bar, and excess trash removal. Photographs of the conditions described, as well as invoices supporting the charges, were admitted into evidence. Leonard also explained how the cost of reletting was calculated, as reflected in the itemized list of charges that was admitted into evidence.

Correspondence between Leonard and Tenant concerning repairs was admitted into evidence. Leonard testified that none of the requested repairs affected the health or safety of the Tenant.

Correspondence from Tenant on November 4, 2021, requested replacement of her stove (because some of the burners were not working), the kitchen floor, the doorbell, and the garage door. Leonard responded on November 30, 2021, declining

–10–

to replace any of the items. Leonard noted that she found it odd that when they discussed the Lease extension that was signed on October 26, 2021, Tenant failed to mention the repairs. Leonard also noted that:

> The stove has been repaired previously, and the repairman noted that grease had shorted out the receptacle wiring, and another time It was noted that the stove was working as intended. If a repairman is dispatched again, and it is determined that the repair needed was caused by tenant damage or there is no repair needed at all, you will once again be charged . . . I will contact the stove repair company if the stove is currently not working. However, if he goes there again and there are no issues detected, you will be charged the amount of the service call.

Leonard also noted that the kitchen floor was in good condition when Tenant moved in, a doorbell was not a necessary feature, and the garage door was closed every time she drove by. Leonard also expressed concern about Tenant's lack of fire safety. Specifically, she stated:

> Another area of concern for management and the homeowner, is your lack of fire safety. Since your tenancy began, the living room carpet has burned due to a charging device you were using. The stove wiring burned due to accumulated grease on the burner, also a tenant damage. And lastly, approximately two months ago, you caused a fire with your grill which burned a portion of the fence. We had this damage repaired immediately, and when the repairman tried to collect from you, pursuant to the lease, you told him that you couldn't afford the repair! This charge has been added to your tenant ledger and is due immediately.

On cross-examination, Tenant showed Leonard items she had noted on her inventory sheet upon move-in, such as weather stripping. Leonard noted that the inventory sheet was not a request for repair. Tenant also showed Leonard a text message with a picture of a flooded kitchen she claimed to have sent to Leonard.

Leonard did not recall receiving the text, and there was no evidence that a repair was requested in writing as required by the Lease.

A landlord's duties are found in the Property Code, which provides:

(a) A landlord shall make a diligent effort to repair or remedy a condition if:

. . .

(3) the condition materially affects the physical health or safety of an ordinary tenant.

(b) Unless the condition was caused by normal wear and tear, the landlord does not have a duty . . . to repair or remedy a condition caused by:

(1) the tenant . . . .

TEX. PROP. CODE ANN. § 92.052; *see also Churchill Forge, Inc. v. Brown*, 61 S.W.3d 368, 370 (Tex. 2001).

Subject to notice requirements, Chapter 92 permits a residential tenant to terminate a lease if a landlord does not make a diligent effort to repair or remedy a condition that materially affects an ordinary tenant's health or safety. TEX. PROP. CODE ANN 92.056(b), (e)(1). A tenant who does so is entitled to one month's rent, plus a civil penalty, court costs, and attorney's fees. TEX. PROP. CODE ANN § 92.0563(a)(3), (5).

Once a tenant surrenders the premises, the landlord is obligated to refund any security deposit. *Id*. § 92.103(a). The landlord may deduct charges and damages for which a tenant is legally liable under the lease, excluding normal wear and tear, or any damages that result from breach of the lease. *Id.* § 92.104(a)–(b). But the

landlord must return the remainder of the deposit along with "a written description and itemized list of all deductions" *Id.* § 92.104(c).

In the present case, there was no evidence that Tenant gave Landlord notice of any property condition that would materially affect an ordinary tenant's health or safety. Therefore, Tenant was not entitled to early termination of the Lease.

Landlord properly charged Tenant for the damages and repairs to the property and provided an itemized list of charges against which the security deposit was credited. Therefore, the evidence is sufficient to support the trial court's conclusion that Tenant, not Landlord, breached the Lease and Tenant was responsible for damages.

Additional Findings

After the trial court made its findings of fact and conclusions of law, Tenant requested additional findings. A party may request additional or amended findings of fact and conclusions of law if the party believes that the court's findings and conclusions are deficient in some way. *See* TEX. R. CIV. P. 298; *Nicholas v. Envt'l. Sys. (Int'l) Ltd.*, 499 S.W.3d 888, 894 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

In addition to requesting that the court find several evidentiary facts, Tenant requested the following additional conclusions of law:

- [Tenant] met all the requirements under Tex. Prop. Code §92052 (a)(1-3) to request repairs from [Landlord] by not being delinquent on rent at the time of notice, sending notice certified

and in writing of the requested repairs, and listing one or more conditions that materially affected the health or safety of the occupants' in the unit.

- [Tenant] established as a matter of law that she was entitled to request these repairs and that [Landlord] had a duty to repair or remedy the conditions she requested under Tex. Prop. Code §92.052.

- [Tenant] gave [Landlord] a reasonable amount of time to repair the conditions and sent additional notice of repairs via text after [Landlord] failed to respond to the first notice. A "reasonable" amount of time is defined as 7 days by Tex. Prop. Code §92.056. [Tenant] gave [Landlord] 4 months to repair the condition and the repairs were never made.

- [Tenant] established as a matter of law that she had the right to legally terminate the lease under Tex. Prop. Code §92.056 (e)(1) after [Landlord] clearly breached or defaulted on the lease on or around 11/15/2021 according to page 10, section 18(b) and D(1)(c) of the lease when he failed to repair or remedy conditions on his property or repair water penetration from structural defects after receiving proper notice from [Tenant] in accordance with Page 9, section 18 (a) in the lease.

- [Tenant] established as a matter of law that she was entitled to her security deposit in the amount of $1,650.00 after surrendering the premises as a result of [Landlord'] breach of the lease under Tex. Prop. Code §92.103.

- [Tenant] established that [Landlord] did not comply with the law in retaining her security deposit, under Tex. Prop. Code §92.104 after she surrendered the premises, by deducting for normal wear and tear and not giving [Tenant] the remaining balance of the security deposit or an itemized statement explaining why within 30 days. The only condition in which the landlord is not required to return the security deposit or provide an itemized statement is when the tenant owes rent AND there is no controversy concerning the amount of rent owed. [Tenant] did not owe rent at the time of surrender as she properly terminated the lease. If [Landlord] believed she owed rent at the time she surrendered the premises, that would constitute a controversy

concerning the rent, therefore requiring him to follow normal statute regarding retention of security deposits under Tex. Prop. Code §92.104 (a)(b)(c).

- As a result, [Tenant] established as a matter of law that [Landlord] was no longer entitled to any portion of her security deposit under Tex. Prop. Code §92.109 as he is presumed to have acted in bad faith.

- [Tenant] met all the requirements and established as a matter of law that she was entitled to relief and a judgment in her favor from this Court under Tex. Prop. Code §92.109 and Tex. Prop. Code §92.056.

None of the requested findings were appropriate or required. Additional findings are not required if the original findings and conclusions properly and succinctly relate the ultimate findings of fact and conclusions of law necessary to apprise the party of information adequate for the preparation of the party's appeal. *In re C.A.S. and D.P.S.*, 405 S.W.3d 373, 382 (Tex. App.—Dallas 2013, no pet.) (citing *Pakdimounivong v. City of Arlington*, 219 S.W.3d 401, 412 (Tex. App.—Fort Worth 2006, pet. denied)). There is no reversible error if the refusal to file additional findings does not prevent a party from adequately presenting an argument on appeal. *Id.*

The findings Tenant requested were unnecessary and were contrary to the court's judgment. The trial court is only required to make additional findings and conclusions that are appropriate. *See Vickery*, 5 S.W.3d at 254. "A trial court is not required to make additional findings that are unsupported by the record, are evidentiary, or that are contrary to previous findings." *Rich v. Olah,* 274 S.W.3d 878,

886 (Tex. App.—Dallas 2008, no pet.) (citing *Buckeye Ret. Co., L.L.C. v. Bank of Am., N.A.*, 239 S.W.3d 394, 402 (Tex. App.—Dallas 2007, no pet.)). Moreover, additional findings and conclusions are not required if they are aimed at tying down the court's reasoning rather than its conclusions. *Stucky*, 93 S.W.3d at 213–14 (holding trial Court did not err by refusing to make additional findings and conclusions that are merely evidentiary, nuances of facts already found, or otherwise unnecessary).

Because the requested additional findings were evidentiary, unnecessary, and contrary to the court's judgment, the trial court did not err in denying Tenant's requested additional findings. Tenant's third, fifth, sixth, and seventh issues are resolved against her.

## C.    Attorney's Fees

Tenant's fourth issue argues the trial court erred in awarding Landlord's attorney's fees because Landlord breached the Lease. We have concluded the evidence is sufficient to support the trial court's conclusion that Tenant, not Landlord, breached the Lease.[3] A party many recover attorney's fees for a successful breach of contract claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001. If attorney's fees are proper under 38.001(8), the trial court has no discretion to deny

---

[3] Tenant's argument also fails because Tenant did not answer Landlord's counterclaim or otherwise plead any affirmative defenses. The contention that a party to a contract is excused from a contract because of a prior material breach is an affirmative defense that must be affirmatively pleaded. *Blackstone Medical, Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 646 (Tex. App.—Dallas 2015, no pet.).

–16–

them. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009). The attorney's fees award was not in error. Tenant's fourth issue is resolved against her.

**D.     Motion to Vacate Default/New Trial**

Tenant's eighth issue argues the trial court erred in denying her motions because "if the trial court did not rely on any applicable laws to make its decision then its ruling is not justified . . . ." Tenant cites no authority and presents no argument to support her contention that the court failed to follow the law.[4] This issue is waived for inadequate briefing. *See* TEX. R. APP. P. 38.1.

Moreover, even if the issue had been properly briefed, we have concluded the evidence supports the trial court's judgment. As does the law. Accordingly, the trial court did not abuse its discretion in denying Tenant's motions. *See Dolgencorp of Tex. Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam) (ruling on motion for new trial reviewed for abuse of discretion). Tenant's eighth issue is resolved against her.

---

[4] Tenant also fails to explain the basis for asking the County court to vacate the default the JP Court entered against Landlord.

### III. CONCLUSION

Having resolved all of Tenant's issues against her, we affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

240290F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

LATISHA HASSEN, Appellant

No. 05-24-00290-CV     V.

PAUL DEMETRIOU, Appellee

On Appeal from the County Court at Law No. 7, Collin County, Texas
Trial Court Cause No. 007-03505-2023.
Opinion delivered by Justice Garcia. Justices Partida-Kipness and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered November 13, 2024.